# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-62379-BLOOM/Valle

AKF INC., *a New York Corporation*
*doing business as* FundKite,

    Plaintiff,

v.

SONNY'S ENTERPRISES LLC,

    Defendant.
_____/

### ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Sonny's Enterprises, LLC ("Sonny's" or "Defendant") Motion to Dismiss, ECF No. [11] (the "Motion"). Plaintiff AKF INC. d/b/a FundKite ("FundKite" or Plaintiff") filed a Response, ECF No. [16] ("Response"), to which Sonny's filed a Reply, ECF No. [18] ("Reply"). The Court has carefully considered the Motion, the Response and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part.

## I.    BACKGROUND

FundKite commenced this case on September 25, 2019, asserting claims against Sonny's arising from an underlying dispute involving a company called Daniels Wholesale Sign & Plastics, Inc. ("DWSP"). ECF No. [1] ("Complaint"). According to the Complaint, FundKite entered into a Purchase and Sale of Future Receipts agreement ("Agreement") with DWSP on August 3, 2018, through which FundKite purchased DWSP's future revenue and receivables. Daniel Singer ("Singer"), the owner of DWSP, also executed a guaranty in which he and an entity named Six Point Financial Services, LLC guaranteed DWSP's obligations under the Agreement. DWSP was

in the business of plastic forming, sheet metal work and welding, and canopy work. In or about the summer of 2018, Sonny's purchase orders that were placed constituted approximately 50% of DWSP and Singer's revenue base.

On or about November 7, 2018, DWSP and Daniels defaulted under the terms of the Agreement. Immediately after the default, Singer transferred his interest in an entity named Daniels Wholesale LLC ("Daniels Wholesale") to his wife with the intention of avoiding FundKite's ability to collect amounts owed under the Agreement. Also in November, 2018, Sonny's took steps to cancel all pending orders placed with DWSP and resubmitted the canceled orders to Daniels Wholesale. Sonny's paid Daniels Wholesale for orders that had previously been placed with DWSP. On December 13, 2018, FundKite obtained a judgment against DWSP and Singer.

On or about December 26, 2018, Sonny's was sent a UCC lien notice alerting Sonny's to FundKite's lien and security interest in receivables and demanding that Sonny's make all further payments to FundKite. Sonny's knew that Daniels Wholesale is related to and affiliated with DWSP. On or about December 27, 2018, a New York City marshal levy was served on Sonny's, alerting Sonny's to FundKite's judgment and demanding that any property of DWSP and Singer in Sonny's possession be turned over to the marshal. Even so, Sonny's continued to conduct business with Singer and DWSP, but wrongfully paid Daniels Wholesale for its orders. To date, FundKite has not received any payments toward the judgment, despite the fact that Sonny's has paid not less than $155,000.00 to Daniels Wholesale.

As a result, FundKite asserts claims against Sonny's for breach of assignment of accounts receivables (Count 1), wrongful payment (Count 2), breach of account stated (Count 3), and

violation of UCC § 9-406 (Count 4). In the Motion, Sonny's seeks dismissal with prejudice of FundKite's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see Maxcess, Inc. v. Lucent*

*Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). Although the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

In the Motion, Sonny's argues that FundKite's claims should be dismissed because there is no privity or contractual relationship between Sonny's and FundKite and Sonny's did not have an obligation to continue purchasing products from DWSP. In addition, Sonny's argues that there is no private cause of action under UCC § 9-406. In response, FundKite argues that the Complaint sufficiently states claims premised upon the theory that Daniels Wholesale is the alter ego and business continuation of DWSP, and that by virtue of the Agreement, FundKite is the assignee of DWSP. By paying Daniels Wholesale when Sonny's knew of the assignment, FundKite reasons that Sonny's is liable to FundKite for wrongfully paying Daniels Wholesale. FundKite also argues that there is a private cause of action under UCC § 9-406.

### A. The Complaint is a shotgun pleading

Although not raised by Sonny's as an argument for dismissal, the Court nevertheless believes it important to point out that the Complaint is a quintessential shotgun pleading, as each count reincorporates all of the allegations in the preceding counts. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792

F.3d 1313, 1321 (11th Cir. 2015). The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). Upon this basis alone, the Complaint is due to be dismissed. Nevertheless, the Court considers Defendant's substantive arguments for dismissal.

**B. FundKite's reliance upon an alter ego theory is misplaced**

In the Complaint, there is no allegation that Defendant was a party to the Agreement between FundKite and DWSP. Rather, as a basis for the claims asserted in the Complaint, FundKite takes the position that by virtue of the Agreement, it became an assignee of DWSP's receivables, and that because Sonny's knew about the assignment, the payments Sonny's made to Daniels Wholesale as DWSP's alter ego were wrongful. As stated by the Eleventh Circuit: "[a] rule of contract law is that one who is not a party to an agreement cannot enforce its terms against one who is a party. . . . The right of enforcement generally belongs to those who have purchased it by agreeing to be bound by the terms of the contract themselves." *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1168 (11th Cir. 2011) (internal citations omitted). FundKite maintains that by purchasing DWSP's accounts receivables, it became an assignee of contracts arising from such accounts, that Sonny's therefore had a contractual duty to pay FundKite, and that Sonny's breached that duty by paying DWSP's alter ego, Daniels Wholesale. However, upon review, FundKite's reliance upon an alter ego theory is misplaced. Even if Daniels Wholesale is an alter ego of DWSP

and Singer, it nevertheless does not make Sonny's liable to FundKite, even in combination with FundKite's alleged status as an assignee.

At the outset, the Court notes that Sonny's does not dispute that FundKite is an assignee of DWSP's accounts receivable and therefore stands in DWSP's shoes to enforce payment of Sonny's accounts. Indeed, "a debtor who receives actual notice of the assignment of an account receivable or an obligation to pay may be held liable to the assignee if the debtor later pays the assigned debt to the assignor rather than the assignee." *Building Materials Corp. of Am. v. Presidential Fin. Corp.*, 972 So. 2d 1090, 1092 (Fla. 2d DCA 2008). Here, however, FundKite has not alleged that Sonny's was a debtor of DWSP. The allegations in the Complaint are that Sonny's canceled its pending orders with DWSP and placed those orders instead with Daniels Wholesale, and paid Daniels Wholesale for the orders placed with it. ECF No. [1] ¶¶ 34-35. The Complaint does not allege that any amounts remained outstanding between Sonny's and DWSP. Accordingly, as alleged, Sonny's was not a debtor of DWSP.

Moreover, an alter ego theory is most commonly used to pierce the corporate veil in order to reach individual shareholders or owners of a corporation, not to extend liability to a former customer of the corporation. "A general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008).

> It is black letter law in Florida that to disregard this corporate fiction and hold the corporation's owners liable—to 'pierce the corporate veil'—the [party] must prove that:
>
> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;

> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (citing *Gasparini*, 972 So. 2d at 1055 (emphasis removed); *see also Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984) ("The corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them.") (citation omitted). Here, there are no allegations that DWSP was a shareholder of Daniels Wholesale, or that Daniels Wholesale was used for an improper purpose. Indeed, the only allegation to this effect in the Complaint is that immediately after DWSP and Singer defaulted under the Agreement, Singer transferred his interest in Daniels Wholesale to his wife with the intention of delaying or avoiding payment of amounts due to FundKite. ECF No. [1] ¶¶ 30-31. While the timing may seem suspect, timing alone does not necessarily lead to an inference of improper purpose. Furthermore, "[t]he mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally." *Dania Jai-Alai Palace, Inc.*, 450 So. 2d at 1120 (citation omitted). In addition, the Court has not found any case in which an alter ego theory has been applied in order to reach an unrelated entity, such as Sonny's in this case.

Accordingly, Counts 1, 2, and 3 of the Complaint are due to be dismissed.

### C. FundKite fails to state a claim under UCC § 9-406

Sonny's argues that section 679.4061 of the Florida Statutes, Florida's equivalent of UCC § 9-406, does not create a private cause of action, relying on the Eleventh Circuit's recent decision in *Durham Commercial Capital Corporation v. Ocwen Loan Servicing, LLC*, 777 F. App'x 952 (11th Cir. 2019). In *Durham*, the Eleventh Circuit found that under section 9-406(a) of New York's Uniform Commercial Code, which is the same in pertinent part as section 679.4061, there is no private right of action. In response, FundKite argues that Florida courts have previously recognized private claims for violations of section 679.4061, relying primarily upon *Typhoon Media Corporation v. CVS Pharmacy, Inc.*, No. 11-61613-CIV-DIMITROULEAS/SNOW, 2012 WL 12862797 (S.D. Fla. June 19, 2012).[1] Upon review, the Court need not determine whether section 679.4061 creates a private cause of action because, as set forth above, FundKite has failed to sufficiently allege that Sonny's is an account debtor. *See* Fla. Stat. § 679.1021(1)(c) ("'Account debtor' means a person obligated on an account, chattel paper, or general intangible. The term does not include persons obligated to pay a negotiable instrument, even if the instrument constitutes part of chattel paper."). In addition, *Typhoon Media Corporation* is distinguishable from this case, principally because the Court found that the plaintiff pleaded sufficient facts to state a claim that contractual duties were created between plaintiff as an assignee and the defendant as an account debtor, as the account debtor had ongoing obligations to the assignor. 2012 WL 12862797, at *4. Such is not the case here, as there are no allegations that Sonny's had any outstanding obligations to pay DWSP.

---

[1] The Court notes that FundKite also relies upon language from an order by the District Court in *Durham*, which case was ultimately reversed by the Eleventh Circuit, finding that § 9-406 does not provide a private right of action to a secured party. *Durham Commercial Capital Corp.*, 777 F. App'x at 953.

Accordingly, assuming a private right of action exists under section 679.4061, FundKite fails to state a claim.

## IV. CONCLUSION

For the reasons set forth above, the Motion, **ECF No. [11]**, is **GRANTED IN PART AND DENIED IN PART**. The Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE**. To the extent that Plaintiff may remedy the pleading deficiencies set forth in this order, Plaintiff may file an amended pleading, **on or before January 10, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 3, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record